# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALFRED ESPOSITO | : |
|    *Plaintiff*, | : |
| | : Civil Action No: 3:22-cv-00621 |
| v. | : |
| | : |
| RAUL ALDARONDO, EDGAR GONZALEZ, JOSE SILVA, AND CITY OF NORWALK, | :    June 2, 2022 |
|    *Defendant.* | : |

## AMENDED COMPLAINT

1. Alfred Esposito was arrested, handcuffed, and prosecuted without probable cause for nearly four years, merely because he was exercising his First Amendment rights. Defendants Aldarondo, Gonzalez, and Silva maliciously approached, harassed, and violently arrested Esposito because he informed them that he was making a recording of unprofessional behavior they were exhibiting on the streets of Norwalk, Connecticut in the early morning hours of November 17, 2018. Mr. Esposito brings this action to recover damages for defendants' malicious behavior and the grievous harm it inflicted on him.

## PARTIES, JURISDICTION AND VENUE

2. This is a civil action for damages against Raul Aldarondo, Edgar Gonzalez, and Jose Silva in their individual capacities for violation of the United States Constitution as enforced through 42 U.S.C. Section 1983, as well as municipal

claims against the City of Norwalk under Section 1983, and state law claims against all of the defendants.

3. This Court has subject matter jurisdiction over this matter because this action arises under the laws of the United States of America and diversity jurisdiction exists over the state law claims.

4. Venue is proper in this district because the defendants reside in this judicial district and acts or omissions complained of occurred in this judicial district.

5. Plaintiff Alfred Esposito ("Mr. Esposito") is a resident and domiciliary of the State of New Jersey. Mr. Esposito is a military veteran who served honorably in the United States Army and suffers from a service-connected disability wherein he receives compensation from the Department of Veterans Affairs. Mr. Esposito has a law enforcement background including training as a Military Police. He has a Bachelor's degree in Information Technology from Colorado Technical University and is divorced with two children.

6. Defendants Raul Aldarondo, Edgar Gonzalez, and Jose Silva ("Individual Defendants") were and are, at all times relevant to this complaint, duly appointed officers of the Norwalk Police Department in Norwalk, Connecticut and were acting in their capacities as law enforcement officers during the events at issue in this case. They are sued in their individual capacities for damages. Upon

information and belief, all of the individual defendants are domiciliaries of the State of Connecticut.

7. Defendant City of Norwalk is a municipal corporation in the State of Connecticut. It is sued under the *Monnell* doctrine and under state law. The individual defendants were, at all times relevant to this complaint, employees or agents of the City of Norwalk acting within the scope of their employment.

8. Each of the individual defendants had an independent obligation to prevent or to intervene to stop the unlawful behavior described in this complaint and had an opportunity to do so, but failed to do so, causing the injuries described herein.

## FACTUAL ALLEGATIONS

### The False Arrest Without Probable Cause

9. In the early morning hours of November 17, 2018, at approximately 2a.m., Mr. Esposito was waiting for an Uber after attending a sporting event on Washington Street in downtown Norwalk, Connecticut.

10. While waiting for his Uber, Mr. Esposito noticed unprofessional police activity. Specifically, Mr. Esposito observed defendants Aldarondo and Silva flirting with women on the sidewalk while on duty.

11. Using the camera on his cell phone, Mr. Esposito began taking pictures of defendants Aldarondo and Silva from a safe distance where it caused no obstruction of or disruption to any person.

12. While Mr. Esposito was taking the photographs, defendant Silva became aware of Mr. Esposito and made his way toward him.

13. As defendant Silva approached Mr. Esposito, defendants Aldarondo and Gonzalez also proceeded to Mr. Esposito's location.

14. As the individual defendants came closer to Mr. Esposito, they began to inquire about Mr. Esposito's activities.

15. Mr. Esposito informed the individual defendants that absent any reasonable suspicion that a crime was taking place, he had no obligation to inform the police about his legal activities on the sidewalk.

16. Mr. Esposito informed the individual defendants of his military and law enforcement background.

17. Mr. Esposito also informed the individual defendants that he was simply waiting for his Uber so he could go home.

18. Instead of allowing Mr. Esposito to wait for his Uber in peace, defendant Aldarondo stated that he would stay with Mr. Esposito, saying "I want to make sure you're safe, sir."

19. Mr. Esposito stated that he was fine with the individual defendants standing near him because he was observing their activities.

20. Defendant Gonzalez then said, unprovoked and in a sarcastic tone, "curse one more time, see that I don't arrest you."

21. Mr. Esposito had not made any obscene or disruptive gestures or remarks. He replied to defendant Gonzalez, "I don't need to curse."

22. Defendant Gonzalez then said, "curse one more time I'll lock you up."

23. Defendant Silva then said "go" to Mr. Esposito, indicating that he should leave the area. When Mr. Esposito again informed the individual defendants that he was waiting for an Uber to leave, defendant Silva said "ok," indicating that he was permitting Mr. Esposito to remain where he was to get his Uber.

24. The individual defendants begin to walk away from Mr. Esposito, except for defendant Aldarondo, who stayed close.

25. As other the individual defendants walked away from Mr. Esposito, Mr. Esposito said that even if he did curse, that alone would not be cause for them to arrest him.

26. At this point, the individual defendants turn around and begin shouting at Mr. Esposito, "that's a breach of peace."

27. Defendant Gonzalez gets in Mr. Esposito's face and tells him that he can arrest him.

28. Mr. Esposito responded to defendant Gonzalez "this tension started because I was taking pictures of guys flirting on their motherfucking duty."

29. Defendant Gonzalez then said "if you curse one more time, I will arrest you."

30. Mr. Esposito said "I won't curse," and the individual defendants begin walking away again. As the individual defendants were walking away, Mr. Esposito acknowledged that they were walking away, and remarked, "too fucking easy," not loudly, and without any threatening or disruptive tone.

31. Defendant Aldarondo then grabbed Mr. Esposito's arm to handcuff him, while defendant Gonzalez wrapped his arm around Mr. Esposito's neck to bring him to the ground.

32. At the time that defendant Gonzalez wrapped his arm around Mr. Esposito's neck, Mr. Esposito was not resisting defendant Aldarondo or defendant Gonzalez.

33. At the time of defendant Gonzalez's use of force and immediately preceding defendant Gonzalez's use of force, defendant Silva told defendant Gonzalez "he is not resisting."

34. Mr. Esposito cooperated with the individual defendants in being handcuffed and searched.

35. While being taken down by defendant Gonzalez while being handcuffed by defendant Aldarondo, the defendants injured Mr. Esposito, herniating a disc in his cervical spine (neck), aggravating the lower back injury for which he was on disability, and hyperextending his knee, causing a Baker's cyst, and inflicting excruciating pain and suffering.

**The Denial of Medical Treatment With Deliberate Indifference**

36. The individual defendants transported Mr. Esposito to Norwalk Police Headquarters for further processing.

37. While in the holding cell at Norwalk Police Headquarters, Mr. Esposito told defendant Aldarondo that he required medical treatment because of the destabilizing use of force that defendant Gonzalez had used on him.

38. Specifically, Mr. Esposito had been injured, including a herniated disc in his neck, reaggravation of his lower back injury for which he was on disability, and hyperextension of his knee, which caused a Baker's cyst, and he was experiencing excruciating conscious pain.

39. The individual defendants deliberately refused to provide Mr. Esposito with medical attention while he was detained at Norwalk Police Headquarters, further aggravating and exacerbating his injuries.

40. After ten hours of detention without medical attention, Mr. Esposito posted bail and was released from Norwalk Police Headquarters.

**The Malicious Prosecution Without Probable Cause**

41. The individual defendants charged Mr. Esposito with misdemeanor breach of peace in the second degree in violation of Connecticut General Statutes § 53a-181. They also charged Mr. Esposito with misdemeanor interfering with an

officer in violation of Connecticut General Statutes § 53a-167a, for allegedly failing to remove his belt while in the holding cell.

42. The individual defendants imposed a $10,000 bond for Mr. Esposito's release despite his complete lack of any criminal history or record of arrest.

43. As a result of the false criminal charges brought against him, Mr. Esposito was required to attend court proceedings in Norwalk, Connecticut on multiple occasions following his November 20, 2018 arraignment.

44. Mr. Esposito hired three criminal defense attorneys to defend him against the false charges.

45. Mr. Esposito invoked his right to a speedy trial and moved to dismiss the charges on the grounds that the State failed to proceed with a speedy trial, but his motions were denied.

46. On Friday, April 22, 2022, the prosecution entered a *nolle prosequi*, and the Superior Court granted Mr. Esposito's motion to dismiss the false charges.

47. Before the dismissal, Mr. Esposito was required to attend court in Connecticut, far from his home in New Jersey, on more than two dozen occasions, causing him to miss work and causing lost wages and diminution of earning capacity.

48. As a result of the conduct complained of in this case, Mr. Esposito has suffered injuries including medical expenses, pain and suffering, loss of enjoyment of life's activities, diminution of earning capacity, lost wages, reputational harm,

dignitary harm, emotional distress, and other injuries to be determined by the trier of fact.

## LEGAL CLAIMS

### COUNT I – FIRST AMENDMENT RETALIATION
*42 U.S.C. Section 1983*
*Against the Individual Defendants*

49. Plaintiff adopts and re-alleges paragraphs 1 through 76 above and further alleges as follows:

50. Mr. Esposito's recordings of the police's unprofessional behavior was protected activity.

51. Mr. Esposito's speech on the sidewalk, which neither threatened nor disturbed any person, was protected activity.

52. The individual defendants' conduct in arresting and prosecuting Mr. Esposito was adverse action taken because of Mr. Esposito's exercise of protected activity.

53. The individual defendants lacked probable cause to arrest and prosecute Mr. Esposito.

54. The individual defendants' conduct was objectively unreasonable, done with malice, and in violation of clearly established law.

55. The individual defendants are therefore liable to Mr. Esposito for the damages caused therefrom, including but not limited to lost compensation, lost

wages, damage to reputation, emotional and physical distress, and loss of enjoyment of life's activities, and attorney's fees.

### COUNT II – FALSE ARREST
*42 U.S.C. Section 1983 and Connecticut Common Law*
*Against the Individual Defendants*

56. Plaintiff adopts and re-alleges the factual allegations above and further alleges as follows:

57. The individual defendants arrested Mr. Esposito without probable cause and with malice because of his activities that threatened to expose their unprofessional behavior at work. The criminal proceedings that resulted therefrom terminated in Mr. Esposito's favor. No probable cause existed for the arrest. The arrest caused substantial damages as alleged above.

58. The individual defendants are therefore liable to Mr. Esposito for the damages caused therefrom, including but not limited to lost compensation, lost wages, damage to reputation, emotional and physical distress, and loss of enjoyment of life's activities, and attorney's fees.

### COUNT III – MALICIOUS PROSECUTION
*42 U.S.C. Section 1983 and Connecticut Common Law*
*Against the Individual Defendants*

59. Plaintiff re-alleges the factual allegations above and states as follows:

60. The individual defendants initiated a prosecution of Mr. Esposito without probable cause and with malice because of his activities that threatened to

expose their unprofessional behavior at work. The criminal proceedings that resulted therefrom terminated in Mr. Esposito's favor. No probable cause existed for the prosecution. The prosecution caused substantial damages as alleged above.

61. The individual defendants are therefore liable to Mr. Esposito for the damages caused therefrom, including but not limited to lost compensation, lost wages, damage to reputation, emotional and physical distress, and loss of enjoyment of life's activities, and attorney's fees.

### **COUNT IV – EXCESSIVE FORCE**
*42 U.S.C. Section 1983*
*Against Gonzalez*

62. Plaintiff re-alleges the factual allegations above and additionally states as follows:

63. Gonzalez intentionally used excessive force to punish Mr. Esposito for exercising his First Amendment rights on a public sidewalk.

64. Gonzalez's use of force was objectively unreasonable and caused serious injury to Mr. Esposito.

65. Gonzalez's use of force was unjustified because Mr. Esposito was not resisting officers and posed no threat of danger to any person at the time that Gonzalez wrapped his arm around Mr. Esposito's neck.

66. Gonzalez's use of force caused Mr. Esposito injuries including to his neck, back, and knee, as well as emotional distress.

67. Gonzalez is therefore liable to Mr. Esposito for the damages caused therefrom, including but not limited to lost compensation, lost wages, damage to reputation, emotional and physical distress, and loss of enjoyment of life's activities, and attorney's fees.

## COUNT V – DUE PROCESS VIOLATION
## DENIAL OF MEDICAL TREATMENT
### *42 U.S.C. Section 1983*
### *Against the Individual Defendants*

68. Plaintiff re-alleges the factual allegations above and additionally states as follows:

69. The individual defendants' actions violated Mr. Esposito's rights as a pretrial detainee by subjecting him to objectively reasonable conduct that caused him serious harm.

70. The individual defendants' actions exhibited deliberate indifference toward Mr. Esposito's health and safety, in that the individual defendants intentionally disregarded Mr. Esposito's need for medical care, causing him serious injury and inflicting conscious pain on him.

71. The individual defendants are therefore liable to Mr. Esposito for the damages caused therefrom, including but not limited to lost compensation, lost wages, damage to reputation, emotional and physical distress, and loss of enjoyment of life's activities, and attorney's fees.

## COUNT VI – *MONNELL* CLAIM
### 42 U.S.C. Section 1983
### *Against City of Norwalk*

72. Plaintiff re-alleges the factual allegations above and additionally states as follows:

73. The damages and injuries inflicted on Mr. Esposito were the result of a policy and custom within the City of Norwalk's police department, in which officers are not adequately trained in protection of the First Amendment rights of citizens.

74. Following Mr. Esposito's arrest, Mr. Esposito filed an internal affairs civilian complaint with the City of Norwalk police department.

75. Upon reviewing the video footage, police reports, and other information available to the City of Norwalk, the police chief informed Mr. Esposito that his complain would not be sustained, because in the opinion of the department, probable cause existed for Mr. Esposito's arrest.

76. The failure to recognize that Mr. Esposito was exercising his First Amendment rights was the result of a failure to train anyone in the department in the relevant case law from the United States Supreme Court.

77. As a result of the improper and inadequate training of officers, it is a custom and policy of the City of Norwalk to arrest individuals without probable cause who are merely exercising First Amendment rights, in violation of clearly established law.

78. The City of Norwalk is therefore liable to Mr. Esposito for the damages caused by the actions described in this complaint, including but not limited to lost compensation, lost wages, damage to reputation, emotional and physical distress, and loss of enjoyment of life's activities, pain and suffering, and attorney's fees.

### COUNT VII – MUNICIPAL LIABILITY CLAIM
*Connecticut General Statutes § 52-557n*
*Against City of Norwalk*

79. Plaintiff re-alleges the factual allegations above and additionally states as follows:

80. At all times relevant to this action, the individual defendants were employees, agents, apparent agents, or servants of the defendant City of Norwalk, acting in the performance of their duties and within the scope of their employment, with all the duties, responsibilities, and privileges accorded thereto.

81. The negligent acts of the defendants described above violated duties to the plaintiff, and discretionary act immunity will not apply because their actions lacked probable cause and were malicious.

82. As a proximate and foreseeable result of the malicious negligence, the plaintiff suffered the unlawful injuries described above.

83. The defendant, City of Norwalk, is therefore liable for damages to plaintiff pursuant to Connecticut General Statutes § 52-557n(a)(1)(A) for the

negligent acts, within the scope of the employment and official duties, of its police officers.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees and costs pursuant to federal law and state law, and any further relief that this court deems just, proper, and equitable.

Plaintiff also demands a trial by jury.

Dated: June 2, 2022                                             Respectfully submitted,

ALFRED ESPOSITO

**Alexander T. Taubes**
470 James Street
Suite 007
New Haven, Connecticut 06513
Telephone: (203) 909-0048
alextt@gmail.com

By

*/s/ Alexander T. Taubes*
Alexander Tiva Taubes, Esq.
Federal Bar No. ct30100
*His Attorney*